UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN BONDS,<br><br>            Plaintiff,<br><br>   v.<br><br>THE CITY OF LAKEWOOD, a municipal corporation, JASON CANNON, MARK EAKES, BRENT PRANTE and SEAN CONLON, Lakewood Police Officers, and JOHN DOES 1-4, Lakewood Police Officers,<br><br>            Defendants. | CASE NO. C11-5100BHS<br><br>ORDER GRANTING PLAINTIFF KEVIN BONDS' MOTION TO COMPEL THE CITY OF LAKEWOOD |

This matter comes before the Court on Plaintiff Kevin Bonds' Motion to Compel the City of Lakewood. Dkt. 17. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons and to the extent stated herein.

## I. PROCEDURAL HISTORY

On December 5, 2011, Plaintiff Kevin Bonds ("Bonds") filed the instant motion to compel after the Defendant City of Lakewood ("the City") refused to comply with two of his production requests. Dkt. 17. On December 19, 2011, the City responded. Dkt. 18. On December 23, 2011, Bonds replied. Dkt 21.

## II. FACTUAL BACKGROUND

This matter arises from a December 4, 2008, incident that involved a bar fight at the Champions Sports Bar in Lakewood, Washington. Bonds, who was involved in that

ORDER – 1

bar fight, now brings a claim under 42 U.S.C. § 1983, alleging that the responding police officers used excessive force. Bonds also claims that the City is vicariously liable for the officers' actions. This motion concerns two of Bonds' requests for production.

The City first opposes Request for Production No. 27, which reads:

Any and all use of force investigation reports or incident or arrest reports involving the use of force by any of the following individuals:

>   (a) Sean Conlon
>   (b) Jason Cannon
>   (c) Brett Prante
>   (d) Mark Eakes, and
>   (e) Any other City of Lakewood employee who used force of any kind against the Plaintiff during the incident or at any other time.

The City also opposes Request for Production No. 28, which reads:

All personnel records that describe job performance, including, but not limited to, commendations, performance reviews, demotions, promotions and disciplinary records of any kind, for the following individuals:

>   (a) Sean Conlon
>   (b) Jason Cannon
>   (c) Brett Prante
>   (d) Mark Eakes, and
>   (e) Any other City of Lakewood employee who used force of any kind against the Plaintiff during the incident or at any other time.

Dkt. 17 at 2-3.

The City has admitted that the named officers were acting within the scope of their employment during the December 4th incident. The City claims that the requested documents are not relevant; rather, it claims that only reports describing the incident in question are relevant to the claim.

### III. DISCUSSION

**A.   Rule 26 of the Federal Rules of Civil Procedure**

Rule 26 of the Federal Rules of Civil Procedure governs discovery and provides, in pertinent part, as follows:

ORDER – 2

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). If information responsive to discovery requests is privileged or constitutes protected work product, the responding party must expressly invoke the privilege or protection and "describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). Discovery must be limited if the Court determines that the discovery sought is unreasonably cumulative or duplicative or is obtainable from a more convenient, less burdensome, or less expensive source; that the seeking party has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery request outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to answer a request for production, the opposing party may move to compel disclosure pursuant to Rule 37 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(3)(B).

**B.     City's Objections**

The City has withheld certain incident and disciplinary reports on grounds that they are not relevant, are overly broad and burdensome, violate privilege, and "would amount to an end-run around Rule 404." Dkt. 18 at 7.

   **1.     Relevancy**

The City argues that, absent a *Monell* claim or a direct negligence claim, reports related to the use of force investigations or disciplinary proceedings are irrelevant. In

ORDER – 3

response, Bonds argues that these documents are relevant in so far as they establish a pattern of behavior and highlight Defendants' states of mind at the time of the incident. The Court finds that the incident and disciplinary reports are relevant. Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993). Here, the Court agrees that, to the extent the City is found liable, the documents are relevant for the jury to assess damages. Indeed, the City itself acknowledges in its opposition that the threshold of relevancy is not difficult to meet, and the scope of discovery is broad. Dkt. 18 at 4.

### 2. **Overly Broad and Overly Burdensome**

The City next objects on the basis that the request is overly broad and burdensome. In support, the City submitted the Declaration of John Unfred, an employee of the Lakewood Police Department, who estimates that it would take 40 staff hours to retrieve the documents requested. Dkt. 20 at 2. Rather than require the City to produce "any and all" documents related to the officers' use of force or disciplinary proceedings, the parties should be able to agree to certain time restrictions in connection with discovery. Absent any compelling argument from Bonds as to why documents beyond this time period are necessary and relevant to the claims, the Court limits production to a period of four years prior to December 4, 2008.

### 3. **Privilege**

The City also has raised privacy concerns regarding certain documents, namely, that they include non-conviction information and are protected by law enforcement privilege. Dkt. 17 at 3-4. The Court concludes that the City has failed to state specific reasons or otherwise persuade the Court as to why the documents in question require protection. However, the Court will consider a motion for a protective order concerning

ORDER – 4

records that are not already subject to disclosures under the Washington State Public Disclosure law.

### 4. Rule 404 of the Federal Rules of Evidence

Finally, the City asserts that some of the requested discovery would be inadmissible under Rule 404 of the Federal Rules of Evidence. Dkt. 18 at 7-8, Dkt. 21 at 3-4. Although the City may at trial move to exclude the admission of evidence of prior acts, it may not seek to withhold information at this juncture on a prospective theory that the evidence is inadmissable. Accordingly, the Court grants the motion subject to the time qualifications stated above.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff Kevin Bonds' Motion to Compel the City of Lakewood (Dkt. 17) is **GRANTED**, with the qualification that the City need only produce documents dating back to four years prior to December 4, 2008.

DATED this 10th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge